■ DOMITILIA ALMONTE, Appellant, v CITY OF NEW YORK et al., Respondents. [826 NYS2d 741]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated August 9, 2005, as granted the defendants' cross motion for summary judgment dismissing the complaint and denied her motions, inter alia, to strike the defendants' answer or to preclude the defendants from offering evidence at trial, pursuant to CPLR 3126, as academic.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while walking on a "pathway" by the George Gershwin Junior High School (hereinafter the school) when she was struck in the head by a book that she claimed was thrown out of a third-story window of the school by one of its students. The plaintiff commenced this action to recover damages for personal injuries based on the alleged negligence of the City of New York and the Board of Education of the City of New York (hereinafter the Board). Specifically, the plaintiff alleged that the defendants negligently created a dangerous condition that caused her injuries.

The plaintiff moved, pursuant to CPLR 3126, to strike the defendants' answer or preclude the defendants from "adducing evidence at trial, and for an extension of time to place the case on the trial calendar." The defendants cross-moved for summary judgment dismissing the complaint. The plaintiff then moved, pursuant to CPLR 3126, to strike the defendants' answer or preclude them from "adducing evidence at trial" based on spoliation of evidence.

The Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint and denied the plaintiff's motions as "moot." The defendants made a prima facie showing of their entitlement to summary judgment dismissing the complaint by demonstrating that no dangerous condition existed on the premises (*see Crawford v Pick Quick Foods*, 300 AD2d 431 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Wildman v City of New York*, 254 App Div 591 [1938]). Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint.

The Supreme Court providently exercised its discretion in denying the plaintiff's motions, inter alia, to strike the defendants' answer pursuant to CPLR 3126 or to preclude them from offering evidence at trial based upon spoliation of evidence. The plaintiff failed to demonstrate that the defendants willfully destroyed evidence (*see Gerber v Rosenfeld*, 18 AD3d 812 [2005]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.