■ GUISEPPE CASTELLANO et al., Respondents, v MAINCO ELEVATOR & ELECTRICAL CORP., Appellant. [739 NYS2d 592] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 18, 2001, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to preclude it from offering any testimony at trial regarding the maintenance, service, or repair of the subject elevator.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to preclude the defendant from offering any testimony at trial regarding the maintenance, service, or repair of the subject elevator is denied.

While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion for the court (*see Polanco v Duran,* 278 AD2d 397), an order of preclusion should only be imposed where the moving party establishes that the failure to disclose is willful, contumacious, or in bad faith (*see Scardino v Town of Babylon,* 248 AD2d 371). Here, since the plaintiffs did not show that the defendant's failure to disclose was willful, contumacious, or in bad faith, the Supreme Court improvidently exercised its discretion in precluding the defendant from offering any testimony at trial regarding the maintenance, service, or repair of the subject elevator. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.