■ CARMELINA BAGLIO et al., Appellants, v ST. JOHN'S QUEENS HOSPITAL, Respondent, et al., Defendants. [755 NYS2d 427] —In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated October 31, 2001, as denied that branch

of their motion which was to strike the answer of the defendant St. John's Queens Hospital based on spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and that branch of the motion which was to strike the answer of the defendant St. John's Queens Hospital based on spoliation of evidence is granted.

The infant plaintiff's mother commenced the instant medical malpractice action against, inter alia, St. John's Queens Hospital (hereinafter the Hospital), alleging, among other things, that the infant plaintiff suffered brain damage due to a deprivation of oxygen during his delivery. Just prior to commencing this action, the plaintiffs' attorney requested that the Hospital provide her with the infant plaintiff's fetal monitoring strips, which continually assess the fetal heart rate and the relationship of the fetal heart rate to maternal contractions, and are continually analyzed to determine whether there is fetal distress or stress upon the fetus caused by a lack of oxygen to the fetus. Initially, in response, the Hospital sent incorrect fetal monitoring strips (i.e., monitoring strips from another pregnancy). After the plaintiffs' attorney demanded the correct fetal monitoring strips, the Hospital stated that it was unable to locate the correct monitoring strips. As a result, the plaintiff moved to strike the Hospital's answer based on spoliation of evidence. The Supreme Court denied the motion. We reverse and grant the motion.

It is well settled that when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading (*see DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53 [1998]; *Squitieri v City of New York,* 248 AD2d 201, 202 [1998]; *see also Foncette v LA Express,* 295 AD2d 471 [2002]). A pleading may be stricken "even if the evidence was destroyed before the spoliator became a party, provided it was on notice that the evidence might be needed for future litigation" (*DiDomenico v C & S Aeromatik Supplies, supra* at 53; *see New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652 [2001]).

In the instant case, we agree with the plaintiffs that the Hospital's negligent loss of the fetal monitoring strips warrants striking its answer. The plaintiffs' evidence demonstrated that "[t]he fetal monitoring strips are the most critical evidence to determine fetal well-being at the time of treatment, and in evaluating the conduct of health care providers with

regard to obstetrical management thereafter." Further, under the facts of this case, the fetal monitoring strips would give fairly conclusive evidence as to the presence or absence of fetal distress, and their loss deprives the plaintiff of the means of proving her medical malpractice claim against the Hospital (*see Foncette v LA Express, supra*; *Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assoc.,* 286 AD2d 320 [2001]; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec., supra*; *DiDomenico v C & S Aeromatik Supplies, supra*; *see also Velasquez v Brocorp, Inc.,* 283 AD2d 423 [2001]). Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.