■ LEON DENNIS et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. NAB CONSTRUCTION CORPORATION et al., Third-Party Defendants-Respondents. [795 NYS2d 615]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated April 15, 2004, which, inter

alia, denied that branch of their motion which was to strike the defendant's answer due to its alleged spoliation of evidence.

Ordered that the order is affirmed, with costs.

The determination of spoliation sanctions is within the broad discretion of the court (*see Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445 [2005]). In this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike the defendant's answer. The plaintiffs failed to demonstrate that the alleged loss of the bungee cord that caused his injury was the result of intentional or negligent spoliation (*see Barahona v Trustees of Columbia Univ. in City of N.Y., supra*). Further, the plaintiffs did not demonstrate that the bungee cord was essential to their case or that they were prejudiced by its loss (*see Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 333 [2004]; *Foncette v LA Express*, 295 AD2d 471, 472 [2002]).

The plaintiffs' remaining contention is without merit. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.