■ SUZANNE GERBER, Respondent, v ROBERT ROSENFELD, Doing Business as WENDY'S ROB ROY CONTINENTAL, Appellant. [795 NYS2d 463]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 22, 2004, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3126 on the ground of spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where a party destroys essential physical evidence "such that its opponents are 'prejudicially bereft of appropriate means to confront a claim with incisive evidence,' the spoliator may be sanctioned by the striking of its pleading" (*New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652, 653 [2001], quoting *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]). However, "[w]here the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (*Klein v Ford Motor Co.*, 303 AD2d 376 [2003]).

Under the facts of this case, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3126 on the ground of spoliation of evidence (*see McLaughlin v Brouillet*, 289 AD2d 461 [2001]). Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.