(December 27, 2005)

■ JUDITH ANTHONY, Respondent, v ROBERT ANTHONY, Appellant. [807 NYS2d 394]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated May 12, 2005, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to the extent of precluding him "from offering any testimony [at trial] in connection with credit card accounts, bank accounts, investment accounts, the use of the second mortgage placed upon the marital premises by him and the value of the Maryland property for which he failed to provide information [and directing that] all issues with regard to the documents defendant failed to supply shall be resolved in favor of the plaintiff," and granted that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $3,120.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the plaintiff's motion which were pursuant to CPLR 3126 and for an award of an attorney's fee are denied.

While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion for the court (see Castellano v Mainco El. & Elec. Corp., 292 AD2d 556 [2002]; Polanco v Duran, 278 AD2d 397 [2000]), an order of preclusion should only be imposed where the moving party establishes that the failure to disclose is willful and contumacious (see Mangiapane v Brookhaven Beach Health Related Facility, 305 AD2d 642 [2003]; Klutchko v Baron, 1 AD3d 400 [2003]). Here, although the Supreme Court's apparent effort to move the action promptly toward trial is commendable, since the plaintiff did not show that the defendant's failure to disclose was willful and contumacious, the court's determination to preclude the defendant from offering testimony at trial concerning certain categories of documents, to resolve issues concerning those documents in favor of the plaintiff, and to

award an attorney's fee to the plaintiff was improvident (*see Mangiapane v Brookhaven Beach Health Related Facility, supra; Klutchko v Baron, supra; Pascarelli v City of New York,* 16 AD3d 472 [2005]; *cf. Kivo v Kivo,* 193 AD2d 585 [1993]). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.