■ JOSEPH DENOYELLES et al., Appellants, v MICHAEL GALLAGHER, Respondent. [834 NYS2d 868]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated April 7, 2006, as denied that branch of their motion which was to strike the defendant's answer pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

The "drastic remedy" of striking an answer pursuant to CPLR 3126 is warranted when there is "a clear showing" that the failure to comply with discovery demands was willful and contumacious (*Fellin v Sahgal*, 268 AD2d 456, 456 [2000]). Similarly, under the common-law doctrine of spoliation, "when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (*Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]; *see also Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445, 445-446 [2005]; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]). However, a less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense (*see Gerber v Rosenfeld*, 18 AD3d 812 [2005]). The determination of spoliation sanctions is within the broad discretion of the court (*see Dennis v City of New York*, 18 AD3d 599 [2005]). Here, the plaintiffs failed to demonstrate that the "modification" of the defendant's computer records was done in bad faith, or that said modification rendered the plaintiffs "prejudicially bereft of appropriate means" to prove their claims (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998] [internal quotation marks omitted]; *cf. Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assoc.*, 286 AD2d 320 [2001]). Accordingly, under such circumstances, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to strike the defendant's answer.

The plaintiffs' remaining contentions are without merit.

Motion by the respondent on an appeal from an order of the

Supreme Court, Orange County, dated April 7, 2006, to strike stated portions of the appellants' reply brief on the ground that it contains arguments which were not raised before the Supreme Court or in the appellants' main brief. By decision and order on motion of this Court dated January 26, 2007, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is granted, and subdivision "f" of point I at pages 10 to 14, the carryover paragraph at page 18, the second full paragraph at page 33, and the second and third full paragraphs at page 34 of the reply brief are stricken and have not been considered in the determination of the appeal. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.