■ DAVID J. BARNES, Appellant, v RICARDO L. PAULIN et al., Respondents. [860 NYS2d 221]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated August 8, 2007, as denied those branches of his cross motion which were to preclude the testimony of the defendants' expert witness and to dismiss the affirmative defense of nonuse of an available seat belt and granted that branch of his cross motion which was to impose sanctions for the spoliation of evidence only to the extent of allowing an adverse inference to be drawn against the defendants at the trial of the action.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's cross motion which was to preclude the testimony of the defendants' expert witness is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff contends that the Supreme Court erred in deny-

ing that branch of his cross motion which was to preclude the testimony of the defendants' expert witness. However, such an evidentiary ruling, even when "made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]; *see Danne v Otis El. Corp.*, 276 AD2d 581, 582 [2000]).

"[U]nder the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading. However, a less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense. The determination of spoliation sanctions is within the broad discretion of the court" (*Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007] [citations omitted]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to impose sanctions for the spoliation of evidence only to the extent of allowing an adverse inference to be drawn against the defendants at the trial, as the missing evidence does not deprive the plaintiff of the ability to establish his case (*see Yechieli v Glissen Chem. Co., Inc.*, 40 AD3d 988 [2007]; *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653 [2007]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332 [2004]; *Allstate Ins. Co. v Kearns*, 309 AD2d 776 [2003]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]).

The plaintiff's remaining contention is without merit. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.