■ TERESA JENKINS, Appellant, v PROTO PROPERTY SERVICES, LLC, et al., Respondents. [864 NYS2d 79]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated July 10, 2007, as denied those branches of her motion which were pursuant to CPLR 3126 to strike the defendants' answer or to impose sanctions for the defendants' spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer since "the

drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]; *see Pascarelli v City of New York*, 16 AD3d 472 [2005]). Here, the plaintiff failed to demonstrate that the defendants' delay in producing the subject surveillance tape was the product of willful and contumacious conduct (*see Pascarelli v City of New York*, 16 AD3d at 473; *Vogel v Benwil Indus.*, 267 AD2d 232 [1999]).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was to impose sanctions for the defendants' spoliation of evidence since the plaintiff failed to establish that the defendants failed to preserve crucial evidence after being placed on notice that such evidence might be needed for future litigation (*see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]; *Lovell v United Skates of Am., Inc.*, 28 AD3d 721 [2006]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [1998]). The striking of the pleading was not warranted in this case since the alleged spoliation did not leave the plaintiff "prejudicially bereft" of the means of prosecuting her action against the defendants (*see Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584 [2008]; *Denoyelles v Gallagher*, 40 AD3d at 1027; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d at 53; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652, 653 [2001]).

Contrary to the plaintiff's further contention, her moving papers were insufficient to show that the surveillance tape that was produced by the defendants had been altered or tampered with by the defendants (*see Cameron v Nissan 112 Sales Corp.*, 10 AD3d 591 [2004]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.