■ CHRISTY GOTTO, Respondent, v EVELYNE EUSEBE-CARTER et al., Appellants, et al., Defendants. [892 NYS2d 191]—

This medical malpractice action was commenced by the plaintiff, Christy Gotto, the mother of Ryan Gotto (hereinafter Ryan), against, among others, the defendant White Plains Hospital Center (hereinafter the Hospital) alleging, inter alia, that as a result of the negligence, carelessness, and recklessness of the defendants, Ryan was born prematurely and thereby suffered severe and permanent injury, including cerebral palsy, spastic quadriplegia, gastroesophageal reflux disease, and cognitive and speech impairments. In December 2004, before commencing this action, the plaintiff's attorney requested that the Hospital provide him with the complete medical file for both Ryan and the plaintiff from July 1997 to December 2004. In July 2006, after commencement of the action, the plaintiff's attorney specifically requested that the Hospital provide him with, among other things, the fetal monitoring strips for July 19, 1997. On November 9, 2006, after the plaintiff's counsel made several attempts to secure the Hospital's compliance with his request, the Hospital informed the plaintiff's attorney that the fetal monitoring strips he had requested "no longer existed." The plaintiff moved to strike the Hospital's answer due to spoliation of evidence.

Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby depriving the nonresponsible party of the ability to prove its claim, the responsible party may be sanctioned by the striking of its pleading (see Denoyelles v Gallagher, 40 AD3d 1027 [2007]; Barahona v Trustees of Columbia Univ. in City of N.Y., 16 AD3d 445, 445-446 [2005]; Baglio v St. John's Queens Hosp., 303 AD2d 341, 342-343 [2003]). However, a less severe sanction is appropriate where the absence of the missing evidence does not deprive the moving party of the ability to establish his or her

case (*see Gerber v Rosenfeld*, 18 AD3d 812 [2005]; *Iannucci v Rose*, 8 AD3d 437 [2004]). The determination of a sanction for spoliation is within the broad discretion of the court (*see Dennis v City of New York*, 18 AD3d 599 [2005]; *Allstate Ins. Co. v Kearns*, 309 AD2d 776 [2003]).

On this record, the plaintiff did not clearly establish that the Hospital negligently lost or intentionally destroyed the fetal heart monitoring data for July 19, 1997, the date of Ryan's birth. The record fails to rule out the possibility that the central monitoring computer system utilized by the Hospital in its labor and delivery unit to electronically store fetal heart data onto an optical disk was properly operating, or the possibility that it malfunctioned on July 19, 1997, due to no fault of any of the parties involved in this action, and resulting in no fetal heart data being recorded or stored for that date. Nor did the plaintiff establish that the unavailability of the fetal heart monitoring data "fatally compromised [her] ability" to prosecute this action (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]).

Accordingly, since the plaintiff failed to clearly establish that the Hospital negligently lost or intentionally destroyed the material, the plaintiff was entitled only to the sanction of an adverse inference charge at trial with respect to the fetal heart monitoring data for July 19, 1997, as against the Hospital (*see Barone v City of New York*, 52 AD3d 630, 631 [2008]). Moreover, the plaintiff failed to show that the alleged spoliation left her "prejudicially bereft" of the means to prosecute the action against the Hospital (*Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009]; *see Jenkins v Proto Prop. Servs., LLC*, 54 AD3d 726, 727 [2008]). Accordingly, the Supreme Court improvidently exercised its discretion in striking the Hospital's answer and, instead, should have imposed the lesser sanction of an adverse inference charge at trial with respect to the fetal heart monitoring data for July 19, 1997, as against the Hospital (*see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894 [2009]; *Barone v City of New York*, 52 AD3d at 631). Fisher, J.P., Balkin, Hall and Austin, JJ., concur.