■ MICAH GREENE et al., Appellants, v LULA A. MULLEN et al., Respondents. [893 NYS2d 895]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated March 6, 2009, as granted that branch of their motion which was pursuant to CPLR 3126 to strike the defendants' answer only to the extent of precluding the defendant Ruby Mullen from testifying at trial and directing the defendants to respond to a notice for discovery and inspection dated March 14, 2008, and denied that branch of their motion which was to strike the answer insofar as interposed by the defendant Lula A. Mullen.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court" (*Reyes v Vanderbilt*, 303 AD2d 391, 391 [2003], quoting *Patterson v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.]*, 284 AD2d 516, 516-517 [2001]; *see Carbajal v Bobo Robo, Inc.*, 38 AD3d 820, 821 [2007]).

However, to invoke the drastic remedy of striking a pleading, or of preclusion, a court must determine that the party's failure to disclose is willful and contumacious (*see Anthony v Anthony*, 24 AD3d 694 [2005]; *Mangiapane v Brookhaven Beach Health Related Facility*, 305 AD2d 642, 643 [2003]; *Patterson v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.]*, 284 AD2d at 517).

Here, there was no showing that the failure of the defendant Lula A. Mullen (hereinafter Lula) to comply with the plaintiffs' notices for discovery and inspection was willful and contumacious (*cf. Maiorino v City of New York*, 39 AD3d 601, 602 [2007]; *Horne v Swimquip, Inc.*, 36 AD3d 859, 861 [2007]). Furthermore, the plaintiffs proffered no evidence that Lula exercised control over the defendant Ruby Mullen (hereinafter Ruby) and thus was responsible for Ruby's failure to appear for her deposition (*see Carabello v Luna*, 49 AD3d 679, 680 [2008]; *Tolz v Valente*, 39 AD3d 737, 738 [2007]; *Moriates v Powertest Petroleum Co.*, 114 AD2d 888, 890 [1985]; *Stockman v Marks Polarized Corp.*, 25 AD2d 883 [1966]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike the answer insofar as interposed by Lula. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.