■ ISABELLA GILLE, Individually and as Mother and Natural Guardian of MAX ESFORMES, an Infant, et al., Appellants, v LONG BEACH CITY SCHOOL DISTRICT et al., Respondents. [923 NYS2d 649]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered December 9, 2009, which granted the motion of the defendant Long Beach City School District for summary judgment dismissing the complaint insofar as asserted against it and denied, as academic, their cross motion to strike the answer of the defendant Long Beach City School District or to preclude it from asserting certain defenses based upon spoliation of evidence.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Long Beach City School District for summary judgment dismissing the complaint insofar as asserted against it is denied, and the matter is remitted to the Supreme Court, Nassau County, for determination of the cross motion on the merits.

While attending school in the Long Beach City School District (hereinafter the school district), the infant plaintiff allegedly was injured when a window shade fell and struck him in the head and eye. The plaintiffs commenced the instant action to recover damages for personal injuries based on the defendants' negligence asserting, inter alia, theories of liability based on premises liability and negligent supervision.

After joinder of issue and discovery, the school district moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-moved, pursuant to CPLR 3126, to strike the school district's answer or to preclude them from asserting certain defenses based upon spoliation of evidence. The Supreme Court granted the school district's motion and denied the plaintiffs' cross motion as academic. The plaintiffs appeal. We reverse.

Here, while the school district met its prima facie burden of proof of affirmatively demonstrating its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), in opposition, the plaintiffs raised triable issues of fact with respect to, inter alia, whether the school district negligently supervised the infant plaintiff and his classmates and whether the school district had actual or constructive notice of the defective condition (*see Kandkhorov v Pinkhasov*, 302 AD2d 432 [2003]; *Perez v 655 Montauk, LLC*, 81 AD3d 619 [2011]; *Giulini v Union Free School Dist. #1*, 70 AD3d 632 [2010]). Resolving questions of credibility, determining the accuracy of witnesses, and reconciling the testimony of witnesses are for the trier of fact (*see Republic Long Is., Inc. v Andrew J. Vanacore, Inc.*, 29 AD3d 665 [2006]; *Harty v Kornish Distribs.*, 119 AD2d 729 [1986]).

While it is unclear whether the school district negligently lost or intentionally destroyed key evidence (*see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]; *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]), it is uncontested that the school district is unable to locate the window shade, the very instrumentality giving rise to the infant plaintiff's injuries. However, because the determination of spoliation sanctions is within the broad discretion of the trial court (*see Iamiceli v General Motors Corp.*, 51 AD3d 635 [2008]; *Barnes v Paulin*, 52 AD3d 754 [2008]; *Dennis v City of New York*, 18 AD3d 599 [2005]), the matter must be remitted to the Supreme Court, Nassau County, for its determination of the cross motion on the merits (*see American Fedn. of School Adm'rs, AFL-CIO v Council of Adm'rs & Supervisors*, 266 AD2d 417, 418 [1999]; *Polera Bldg. Corp. v New York School Constr. Auth.*, 262 AD2d 295 [1999]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court improperly granted the school district's motion for summary judgment and improperly denied the plaintiffs' cross motion as academic. Covello, J.P., Hall, Lott and Cohen, JJ., concur.