■ AMY LASKIN, Appellant, v LORETTA FRIEDMAN et al., Respondents. [933 NYS2d 872]—

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 (3) to strike the defendants' answer for failure to comply with discovery demands. "[T]he drastic remedy of striking an answer is inappropriate absent a clear showing that

the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Jenkins v Proto Prop. Servs., LLC*, 54 AD3d 726, 726-727 [2008] [internal quotation marks omitted]; *see Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]). Here, the plaintiff failed to demonstrate that the defendants' action in discarding the subject porch swing was the product of willful, contumacious, or bad faith conduct (*see Jenkins v Proto Prop. Servs., LLC*, 54 AD3d at 727; *Denoyelles v Gallagher*, 40 AD3d at 1027).

Further, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the defendants' answer on the ground of spoliation of the porch swing after being on notice that such evidence might be necessary for future litigation (*see Jenkins v Proto Prop. Servs., LLC*, 54 AD3d at 727; *Barnes v Paulin*, 52 AD3d 754, 755 [2008]; *Denoyelles v Gallagher*, 40 AD3d at 1027). The absence of the porch swing did not leave the plaintiff "prejudicially bereft" of a means of proving her claim (*Jenkins v Proto Prop. Servs., LLC*, 54 AD3d at 727; *see Barnes v Paulin*, 52 AD3d at 755; *Denoyelles v Gallagher*, 40 AD3d at 1027; *Dennis v City of New York*, 18 AD3d 599 [2005]; cf. *Velasquez v Brocorp., Inc.*, 283 AD2d 423 [2001]; *Yi Min Ren v Professional Steam-Cleaning*, 271 AD2d 602, 602-603 [2000]). Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.