■ LISA FALCONE, Individually, as Administratrix of the Estate of STEVEN FALCONE, Deceased, and as Mother and Natural Guardian of ERICA FALCONE, an Infant, Respondent-Appellant, v GEORGE KARAGIANNIS, M.D., et al., Appellants-Respondents. [939 NYS2d 561]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered August 18, 2010, as denied that branch of their motion which was to depose a certain nonparty witness upon an open commission pursuant to CPLR 3108, (2) stated portions of an order of the same court entered September 10, 2010, which, among other things, denied that branch of their separate motion which was to strike the complaint due to spoliation of evidence, and (3) stated portions of an order of the same court entered April 6, 2011, which, upon renewal, inter alia, adhered to the original determination in the order entered September 10, 2010, denying that branch of their separate motion which was to strike the complaint due to spoliation of evidence, and the plaintiff cross-appeals, as limited by her brief, from so much of the order entered April 6, 2011, as, upon renewal, vacated the determination in the order entered August 18, 2010, denying that branch of the defendants' motion which was to depose a certain nonparty witness upon an open commission pursuant to CPLR 3108, and thereupon granted that branch of the defendants' motion and directed her to disclose certain records and materials obtained, produced, or created by that witness.

Ordered that the defendants' appeal from so much of the order entered August 18, 2010, as denied that branch of their motion which was to depose a certain nonparty witness upon an open commission pursuant to CPLR 3108 is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered April 6, 2011, made upon renewal; and it is further,

Ordered that the defendants' appeal from stated portions of the order entered September 10, 2010, is dismissed, without costs or disbursements, as those portions of the order were superseded by the order entered April 6, 2011, made upon renewal; and it is further,

Ordered that the order entered April 6, 2011, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

To support a determination of sanctions pursuant to CPLR 3126, the moving party must demonstrate that the responsible party's actions were "willful and contumacious" (*Denoyelles v*

*Gallagher*, 40 AD3d 1027, 1027 [2007]; *see Anthony v Anthony*, 24 AD3d 694 [2005]). "Similarly, under the common-law doctrine of spoliation, 'when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading' " (*Denoyelles v Gallagher*, 40 AD3d at 1027, quoting *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]; *see Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009, 1011 [2010]). The determination of a sanction for spoliation is within the broad discretion of the court (*see Greene v Mullen*, 70 AD3d 996 [2010]; *Gotto v Eusebe-Carter*, 69 AD3d 566, 568 [2010]; *Scarano v Bribitzer*, 56 AD3d 750 [2008]), and a court may impose a sanction less severe than the striking of the responsible party's pleading or no sanction "where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense" (*Denoyelles v Gallagher*, 40 AD3d at 1027).

Here, the defendants failed to demonstrate that the plaintiff's delay in producing certain photographs and 10 stained microscope slides referenced in the report of her expert pathologist, Dr. Charles Wetli, or her failure to disclose 30 unstained microscope slides from the same tissue blocks used to prepare the stained slides, was willful or contumacious, or deprived the defendants of their ability to establish their defense (*see Laskin v Friedman*, 90 AD3d 617 [2011]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 840-841 [2008]; *Denoyelles v Gallagher*, 40 AD3d at 1027). Accordingly, upon renewal, the Supreme Court providently exercised its discretion in adhering to the original determination denying that branch of the defendants' separate motion which was to strike the complaint due to spoliation of evidence.

The defendants demonstrated that their deposition of the plaintiff's expert pathologist, Dr. Wetli, and production of any additional materials related to the autopsy he performed, were warranted by special circumstances (*see* CPLR 3101 [d] [1] [iii]; *see generally Brooklyn Floor Maintenance Co. v Providence Washington Ins. Co.*, 296 AD2d 520 [2002]; *Melendez v Food Emporium*, 243 AD2d 264 [1997]). Accordingly, upon renewal, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to depose nonparty witness Dr. Wetli upon an open commission pursuant to CPLR 3108 and in directing the plaintiff to disclose certain records and materials obtained, produced, or created by Dr. Wetli.

The parties' remaining contentions either need not be reached

in light of our determination, are not properly before this Court, or are without merit. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.