denied their motion for summary judgment dismissing the complaint in action No. 2, pursuant to CPLR 3126 to strike the defendants' answer in action No. 1, and for an award of sanctions based on the spoliation of evidence.

Ordered that the order is affirmed, with costs.

"[A] contract entered into in violation of a statute is an unlawful undertaking and such an illegal contract cannot give rise to a viable cause of action" (*Scotto v Mei*, 219 AD2d 181, 183 [1996]; *see Carmine v Murphy*, 285 NY 413, 416 [1941]; *Parpal Rest. v Martin Co.*, 258 AD2d 572, 573 [1999]). On that branch of the appellants' motion which was for summary judgment dismissing the complaint in action No. 2, the appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law since their evidentiary submissions did not establish that the contracts from which the causes of action in action No. 2 arise are illegal. The appellants assert that the subject contracts are illegal because ASG Consulting Corp. (hereinafter ASG), a plaintiff in action No. 2, is a successor to TAP Electrical Consulting Service, Inc. (hereinafter TAP), also a plaintiff in action No. 2, and that at the time the subject contracts were formed, TAP and its successors were rendered ineligible to bid on or be awarded any public works contracts pursuant to Labor Law former § 220-b (3) (b). There remains a triable issue of fact as to whether ASG is a "successor" to TAP within the meaning of Labor Law former § 220-b (3) (b), thereby rendering illegal the contracts upon which action No. 2 is based (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint in action No. 2.

The Supreme Court also properly denied those branches of the appellants' motion which were pursuant to CPLR 3126 to strike the answer of the defendants in action No. 1 and for an award of sanctions based on the spoliation of evidence, since the appellants failed to conclusively establish that certain evidence was "willfully destroyed or discarded in order to frustrate [their] interests" (*Cohen v Jordan Servs., Inc.*, 49 AD3d 680, 681 [2008]; *see Falcone v Karagiannis*, 93 AD3d 632, 633-634 [2012]). Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.

■ Lɪᴘᴄᴏ Eʟᴇᴄᴛʀɪᴄᴀʟ Cᴏʀᴘ. et al., Respondents, v ASG Cᴏɴsᴜʟᴛɪɴɢ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ et al., Appellants. (Action No. 1.) ASG Cᴏɴsᴜʟᴛɪɴɢ Cᴏʀᴘ. et al., Plaintiffs, v Aᴄᴛɪᴏɴ Eʟᴇᴄᴛʀɪᴄᴀʟ Cᴏɴᴛ. Co. Iɴᴄ., Also Known as Aᴄᴛɪᴏɴ Eʟᴇᴄᴛʀɪᴄᴀʟ Cᴏɴᴛʀᴀᴄᴛɪɴɢ Cᴏᴍᴘᴀɴʏ, Iɴᴄ., et al., Defendants. (Action No. 2.) [984 NYS2d 619]—

In two related actions, inter alia, to recover damages for breach of contract, the defendants in action No. 1 appeal from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered June 11, 2012, as denied their motion for summary judgment dismissing the complaint in action No. 1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint in action No. 1. The defendants relied principally upon the plaintiffs' alleged judicial admissions of contract illegality, but "[c]ounsel's argument or opinion cannot constitute a judicial admission" (*Rahman v Smith*, 40 AD3d 613, 615 [2007]). There remains a triable issue of fact as to whether ASG Consulting Corp., a defendant in action No. 1, is a "successor" to TAP Electrical Consulting Service, Inc., also a defendant in action No. 1, within the meaning of Labor Law § 220-b (3) (b), thereby rendering illegal the contracts upon which action No. 1 is partially based (*see Lipco Elec. Corp. v ASG Consulting Corp.*, 117 AD3d 687 [2014] [decided herewith]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.

■ Luye Lui, et al., Plaintiffs, v Town of East Hampton et al., Defendants, John Ecker, Inc., et al., Respondents, and New York Central Mutual Fire Insurance Company, Appellant. [985 NYS2d 611]—

In an action, inter alia, to recover damages for injury to property, the defendant New York Central Mutual Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered June 7, 2012, as granted that branch of the cross motion of the defendants John Ecker, Inc., and John Ecker which was for leave to amend their answer to assert cross claims against it for contractual indemnification and for an award of an attorney's fee, and, in effect, denied that branch of its motion which was for summary judgment dismissing those defendants' cross claim against it for common-law indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion of the defendant New York Central Mutual Fire Insurance