■ MICHAEL G. HUGHES et al., Respondents, v STEPHEN H. COVEY et al., Appellants, et al., Defendant. [15 NYS3d 195]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Stephen H. Covey and South Shore Heart Associates, P.C., appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), dated December

12, 2013, which granted that branch of the plaintiffs' motion which was to strike their answers on the ground of spoliation of evidence.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs' motion which was to strike the answers of the defendants Stephen H. Covey and South Shore Heart Associates, P.C., on the ground of spoliation of evidence, and substituting therefor a provision granting that branch of the motion only to the extent of directing that an adverse inference charge be given against the defendants Stephen H. Covey and South Shore Heart Associates, P.C., at trial as to the missing evidence with respect to the images of a nuclear stress test performed on May 30, 2009, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.

On May 30, 2009, the plaintiff Michael G. Hughes underwent a nuclear stress test at a facility operated by the defendant South Shore Heart Associates, P.C. (hereinafter South Shore). Subsequently, the defendant cardiologist, Stephen H. Covey, advised Hughes to undergo a catheterization for insertion of a stent. Hughes underwent the catheterization on June 10, 2009. Thereafter, Hughes suffered symptoms of a complication of the catheterization and underwent a second surgery on July 20, 2009.

Beginning in August 2010, the plaintiffs, and subsequently their attorneys, requested the images of the nuclear stress test performed on May 30, 2009, but Covey and South Shore (hereinafter together the appellants) were unable to produce them. On or about October 5, 2011, the plaintiffs commenced this action against the appellants, among others, to recover, inter alia, damages for medical malpractice. In August 2012, the appellants sent an optical disk on which the images of Hughes' nuclear stress test allegedly were stored to a data recovery company, but the images were not recovered from the disk.

On or about September 18, 2013, the plaintiffs moved, inter alia, to strike the appellants' answers on the ground of spoliation of evidence. In the order appealed from, the Supreme Court granted that branch of the motion.

When a party negligently loses or intentionally destroys key evidence, thereby depriving the nonresponsible party from being able to prove a claim or defense, the court may impose the sanction of striking the responsible party's pleading (see *Falcone v Karagiannis*, 93 AD3d 632, 633 [2012]; *Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009, 1011 [2010]; *Denoyelles v*

*Gallagher*, 40 AD3d 1027, 1027 [2007]; *Anthony v Anthony*, 24 AD3d 694 [2005]; *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]). The determination of a sanction for spoliation is within the broad discretion of the court (*see Falcone v Karagiannis*, 93 AD3d at 634; *Greene v Mullen*, 70 AD3d 996 [2010]; *Scarano v Bribitzer*, 56 AD3d 750 [2008]), and a court may impose a sanction less severe than the striking of the responsible party's pleading or no sanction "where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense" (*Denoyelles v Gallagher*, 40 AD3d at 1027; *see Falcone v Karagiannis*, 93 AD3d at 634).

While the record in this case supports the Supreme Court's determination that the appellants failed to properly preserve the evidence in question, the plaintiffs failed to establish that the unavailability of the images of the nuclear stress test left them prejudicially bereft of the ability to prosecute this action (*see Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009]; *Barnes v Paulin*, 52 AD3d 754, 755 [2008]). Therefore, the appropriate sanction under the circumstances was an adverse inference charge against the appellants at trial with respect to the images of the nuclear stress test performed on May 30, 2009 (*see Falcone v Karagiannis*, 93 AD3d at 633; *Barnes v Paulin*, 52 AD3d at 755; *Denoyelles v Gallagher*, 40 AD3d at 1027). Accordingly, the Supreme Court improvidently exercised its discretion in striking the appellants' answers and, instead, should have imposed the lesser sanction of an adverse inference charge against the appellants at trial as to the missing evidence. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.