Richter v BMW of N. Am., LLC (2018 NY Slip Op 08163)





Richter v BMW of N. Am., LLC


2018 NY Slip Op 08163


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-12355
 (Index No. 34930/15)

[*1]Maria Richter, respondent, 
v
BMW of North America, LLC, appellant.


Biedermann Hoenig Semprevivo, a Professional Corporation, New York, NY (Philip C. Semprevivo and Joseph Kim of counsel), for appellant.
Law Offices of Hernan Caceres, PLLC (The Altman Law Firm, PLLC, New York, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated October 26, 2016. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3216 to strike the plaintiff's complaint or, in the alternative, to impose sanctions for spoliation of evidence.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3216 to impose sanctions for spoliation of evidence, and substituting therefor a provision granting that branch of the motion to the extent of directing that an adverse inference charge be given against the plaintiff at trial with respect to the unavailable evidence; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
In November 2015, the plaintiff commenced this action against the defendant alleging that, in November 2013, she sustained injuries when the driver's side door of her leased vehicle, which had a "soft-close" automatic door feature, failed to detect the presence of her left thumb in the doorframe and automatically closed, crushing her finger. In July 2015, before commencing this action, the plaintiff's attorney sent a letter to nonparty Wide World BMW in Spring Valley (hereinafter Wide World), the car dealership that leased the vehicle to the plaintiff, notifying it that the plaintiff intended to pursue litigation involving the subject vehicle. In September 2015, almost two years after the incident, the plaintiff took the vehicle to Wide World complaining about the soft-close feature on the driver's side door. After Wide World inspected the vehicle, it replaced the soft-lock assembly on the driver's side door. The next day, the plaintiff's attorney sent a letter to the defendant, BMW of North America, LLC, advising it that the plaintiff intended to pursue litigation involving the subject vehicle. In her subsequent complaint, the plaintiff alleged, inter alia, that the defendant was negligent "in selling and permitting to be sold an automobile with a defective designed driver-door and driver-door systems." In December 2015, approximately one month after the plaintiff commenced this action, and approximately one month prior to the expiration of the [*2]vehicle's lease, the plaintiff returned the vehicle to a dealership located in California. In June 2016, the defendant moved, inter alia, pursuant to CPLR 3216 to strike the plaintiff's complaint or, in the alternative, to impose sanctions for spoliation of evidence. The Supreme Court denied those branches of the motion, and the defendant appeals.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Eksarko v Associated Supermarket, 155 AD3d 826, 828). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [internal quotation marks omitted]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554). Where evidence was negligently destroyed, the party seeking sanctions must establish that the destroyed evidence was relevant to the party's claim or defense (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; Heins v Public Stor., 164 AD3d 881, 883).
Here, we disagree with the Supreme Court's determination to deny that branch of the defendant's motion which was to impose sanctions for spoliation of evidence. The defendant sustained its burden of establishing that the plaintiff was obligated to preserve the soft-close automatic door mechanism on the driver's side door at the time of its destruction in September 2015, when the plaintiff had the mechanism replaced, that the evidence was negligently destroyed before the defendant had an opportunity to inspect it, and that the destroyed evidence was relevant to the litigation (see Rokach v Taback, 148 AD3d 1195, 1196; Cioffi v S.M. Foods, Inc., 142 AD3d 520, 526). Nevertheless, since the defendant's ability to prove its defense was not fatally compromised by the destruction of the evidence (see Sienkiewicz v 370/CPW Owners Corp., 74 AD3d 781, 782; Dean v Usine Campagna, 44 AD3d 603, 605), the appropriate sanction for the spoliation herein is not to strike the complaint, but rather to direct that an adverse inference charge be given against the plaintiff at trial with respect to the unavailable evidence (see Peters v Hernandez, 142 AD3d 980, 981; Cioffi v S.M. Foods, Inc., 142 AD3d at 526; Hughes v Covey, 131 AD3d 581, 583).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to impose sanctions for spoliation of evidence to the extent of directing that an adverse inference charge be given against the plaintiff at trial with respect to the unavailable evidence.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court