N. H. R. v Deer Park Union Free Sch. Dist. (2020 NY Slip Op 01099)





N. H. R. v Deer Park Union Free Sch. Dist.


2020 NY Slip Op 01099


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-06951
 (Index No. 604409/15)

[*1]N. H. R., etc., appellant, 
v
Deer Park Union Free School District, respondent, et al., defendant.


Michael B. Palillo, P.C., New York, NY, for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated May 15, 2018. The order granted the motion of the defendant Deer Park Union Free School District for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's cross motion pursuant to CPLR 3126 to strike the answer of the defendant Deer Park Union Free School District on the ground of spoliation of evidence.
ORDERED that the order is affirmed, with costs.
On September 18, 2014, the plaintiff, a second-grade student at a school in the defendant Deer Park Union Free School District (hereinafter the School District), was injured while on the playground during recess when a fellow student allegedly pushed her from behind, causing her to fall to the ground and break her arm. Within a week after the incident, the Superintendent of Schools for the School District reviewed surveillance video footage of the playground from the date of the incident. However, the video footage did not depict the happening of the incident, which occurred "off camera." The plaintiff, by her mother and natural guardian, served a notice of claim on November 24, 2014, and subsequently commenced this action against the School District and another defendant, asserting a cause of action to recover damages for negligent supervision. In July 2015, the plaintiff served on the School District a notice to produce, inter alia, the surveillance video footage. In response, the School District advised the plaintiff that it was not in possession of the surveillance video footage, which was automatically deleted 30 days after the incident.
Following discovery, the School District moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3126 to strike the School District's answer as a sanction for spoliation of evidence. In an order dated May 15, 2018, the Supreme Court granted the School District's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to [*2]preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Cannella v Spector, 167 AD3d 840, 841). " Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 655-656, quoting Iannucci v Rose, 8 AD3d 437, 438). "[A] less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case" (Denoyelles v Gallagher, 40 AD3d 1027, 1027).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3126 to strike the School District's answer as a sanction for spoliation of evidence. The plaintiff failed to sustain her burden of establishing that the School District had an obligation to preserve the surveillance video footage at the time of its destruction, that the surveillance video footage was destroyed with a culpable state of mind, or that the plaintiff was deprived of her ability to prove her claim (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Williams v City of New York, 174 AD3d 834, 834-835; Daconta v Otis El. Co., 165 AD3d 753, 754).
Furthermore, inasmuch as the plaintiff failed to advance any specific arguments on appeal addressing that portion of the order which granted the School District's motion for summary judgment dismissing the complaint insofar as asserted against it, we discern no basis upon which to disturb the Supreme Court's determination in that regard.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court