Loccisano v Ascher (2021 NY Slip Op 03451)





Loccisano v Ascher


2021 NY Slip Op 03451


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-03401
 (Index No. 504883/15)

[*1]Rocco Loccisano, appellant,
v
Enrico Ascher, etc., et al., respondents.


James Newman, P.C., Bronx, NY (Kyle Newman of counsel), for appellant.
Yoeli Gottlieb & Etra LLP, New York, NY (Matthew E. Yoeli of counsel), for respondents Enrico Ascher, Anil Hingorani, Total Vascular Care, PLLC, and Vascular Institute of New York.
Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell of counsel), for respondent Lutheran Medical Center.



DECISION & ORDER
In a consolidated action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 30, 2019. The order granted the motion of the defendants Enrico Ascher, Anil Hingorani, Total Vascular Care, PLLC, and Vascular Institute of New York, and the separate motion of the defendant Lutheran Medical Center, for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's application to impose sanctions on the defendants Enrico Ascher, Anil Hingorani, Total Vascular Care, PLLC, and Vascular Institute of New York for spoliation of evidence.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application to impose sanctions on the defendants Enrico Ascher, Anil Hingorani, Total Vascular Care, PLLC, and Vascular Institute of New York for spoliation of evidence is deemed to be an application for leave to appeal from that portion of the order (see CPLR 5701[c]), and leave to appeal is granted; and it is further,
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendants Enrico Ascher, Anil Hingorani, Total Vascular Care, PLLC, and Vascular Institute of New York which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the motion of the defendant Lutheran Medical Center which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it, and (3) by deleting the provision thereof denying the plaintiff's application to impose sanctions on the defendants Enrico Ascher, Anil Hingorani, Total Vascular Care, PLLC, and Vascular Institute of New York for spoliation of evidence, and substituting therefor a provision granting the application [*2]to the extent of directing that an adverse inference charge be given at trial against those defendants with respect to the unavailable evidence; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new determination of that branch of the motion of the defendant Lutheran Medical Center which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.
In August 2012, the plaintiff went to the defendant Total Vascular Care, PLLC (hereinafter Total Vascular), where he was treated for pain and swelling in his left leg by the defendant doctors Enrico Ascher and Anil Hingorani. On August 24, 2014, Ascher performed a venogram on the plaintiff, diagnosed the plaintiff with stenosis of the mid-common iliac vein in his left leg, and implanted a stent in that vein. After the procedure was performed, the plaintiff was diagnosed with a deep vein thrombosis in the mid-common iliac vein in his left leg, and admitted to the defendant Lutheran Medical Center (hereinafter Lutheran Medical), where Asher and Hingorani were the Chief and Assistant Chief of vascular surgery, respectively. The plaintiff was treated with, inter alia, blood thinners, anticoagulants, and tissue plasminogen activator (hereinafter tPA), a thrombolytic agent. While admitted to Lutheran Medical, the plaintiff suffered a brain hemorrhage which left him permanently paralyzed on his left side.
The plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against Total Vascular, Vascular Institute of New York, Ascher, and Hingorani (hereinafter collectively the defendant doctors), as well as Lutheran Medical. The plaintiff made discovery demands, including for copies of fluoroscopic/ultrasound imaging from the venogram performed on August 24, 2014, and the defendant doctors responded with an affidavit stating that they were not in possession of the images. Thereafter, the defendant doctors moved for summary judgment dismissing the complaint insofar as asserted against them, and Lutheran Medical separately moved for the same relief as to it. In opposition to the motions, the plaintiff made an application for affirmative relief consisting of the imposition of sanctions against the defendant doctors for spoliation of evidence due to the absence of the images from the venogram. In an order dated January 30, 2019, the Supreme Court granted the defendants' motions for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's application to impose sanctions against the defendant doctors. The plaintiff appeals.
"'A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries'" (Larcy v Kamler, 185 AD3d 564, 564-565, quoting Williams v Nanda, 177 AD3d 938, 938). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendant doctors established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action. However, in opposition, the plaintiff raised triable issues of fact as to whether the defendant doctors departed from the accepted standard of care by submitting the affirmation of his expert, who opined, inter alia, (1) that it was a departure from the accepted standard of care to implant the stent in the plaintiff's left leg, as his condition was not severe enough to warrant that procedure, and the benefits of the procedure did not outweigh the risks, and (2) that the defendant doctors departed from the accepted standard of care by failing to perform a neurological evaluation before administering tPA to the plaintiff (see Rosario v Our Lady of Consolation Nursing & Rehabilitation Care Ctr., 186 AD3d 1426, 1427-1428; E.K. v Tovar, 185 AD3d 803, 806). Accordingly, the Supreme Court should have denied that branch of the defendant doctors' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
We note that the Supreme Court granted that branch of Lutheran Medical's motion which was for summary judgment dismissing the cause of action alleging medical malpractice [*3]insofar as asserted against it based upon the award of summary judgment to the defendant doctors dismissing that cause of action insofar as asserted against them, without addressing the potential liability of Lutheran Medical for medical malpractice. In light of our determination, we remit the matter to the Supreme Court, Kings County, for a new determination of that branch of Lutheran Medical's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it.
In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent, however, the plaintiff failed to raise a triable issue of fact, since the assertions of the plaintiff's expert with regard to that issue were conclusory and unsupported by competent evidence (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1091-1092; Gattling v Sisters of Charity Med. Ctr., 150 AD3d 701, 703). Accordingly, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against each of them.
Furthermore, the Supreme Court improvidently exercised its discretion in denying the plaintiff's application to impose sanctions on the defendant doctors. "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that [a] trier of fact could find that the evidence would support that claim or defense'" (Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). "'A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence'" (Hirschberg v Winthrop-Univ. Hosp., 175 AD3d 556, 557, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45).
Under the circumstances of this case, the plaintiff sufficiently established that the defendant doctors lost or destroyed the venogram imaging. The record demonstrates that it was the defendant doctors' regular practice to record the results of venograms, that the defendant doctors had recorded the plaintiff's other tests, and that the defendant doctors offered no explanation for the absence of the venogram imaging (see Hughes v Covey, 131 AD3d 581, 582-583; Gotto v Eusebe-Carter, 69 AD3d 566, 567-568). Moreover, the plaintiff established that the venogram imaging was relevant and necessary to the prosecution of the action. Contrary to the defendant doctors' contention, the handwritten notation on the plaintiff's treatment notes indicating the results of the venogram was not an adequate substitute. Accordingly, the Supreme Court should have granted the plaintiff's application to impose sanctions on the defendant doctors to the extent of directing an adverse inference charge against those defendants at trial with regard to the missing evidence (see Hughes v Covey, 131 AD3d at 583; Gotto v Eusebe-Carter, 69 AD3d at 567-568).
The parties' remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court