Matter of Gramman v Town of N. Hempstead (2020 NY Slip Op 05506)





Matter of Gramman v Town of N. Hempstead


2020 NY Slip Op 05506


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-12120
2019-04394
 (Index No. 80/18)

[*1]In the Matter of Robert H. Gramman, et al., respondents, 
v
Town of North Hempstead, et al., appellants.


Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Amanda Abata of counsel), for appellants.
Law Offices of Patrick J. Sullivan, P.C., Mineola, NY, for respondents.



DECISION & ORDER
In a hybrid action for declaratory relief and proceeding pursuant to CPLR article 78, the defendants/respondents appeal from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 9, 2018, and (2) an order of the same court entered January 15, 2019. The order entered August 9, 2018, insofar as appealed from, granted that branch of the complaint/petition which was for a judgment declaring that the 2017 amendments to Chapter 24 of the Code of the Town of North Hempstead did not bear a substantial relation to the promotion of the public health, safety, morals, or general welfare of the community, and vacated those amendments. The order entered January 15, 2019, granted the plaintiffs/petitioners' motion for leave to reargue that branch of the complaint/petition which was for a judgment declaring that the 2015 amendments to Chapter 2 of the Code of the Town of North Hempstead did not bear a substantial relation to the promotion of the public health, safety, morals, or general welfare and, upon reargument, vacated the original determination in the order entered August 9, 2018, denying that branch of the complaint/petition, and thereupon, granted that branch of the complaint/petition, and vacated those amendments.
ORDERED that the order entered August 9, 2018, is reversed insofar as appealed from, on the law, that branch of the complaint/petition which was for a judgment declaring that the 2017 amendments to Chapter 24 of the Code of the Town of North Hempstead did not bear a substantial relation to the promotion of the public health, safety, morals, or general welfare of the community is denied, and those amendments are reinstated; and it is further,
ORDERED that the appeal from the order entered January 15, 2019, is dismissed as abandoned; and it is further,
ORDERED that one bill of costs is awarded to the defendants/respondents.
In September 2017, the Town Board of the defendant/respondent Town of North Hempstead adopted Local Law No. 9 of 2017 of the Town of North Hempstead, which amended Chapter 24 of the Code of the Town of North Hempstead, inter alia, to provide that "[e]very contractor or subcontractor, who is a party to, or working under, a construction contract with the Town shall be a participant in good standing in a qualified apprenticeship program that is registered with and approved by the [New York State Department of Labor] and shall have in place [*2]apprenticeship agreements that specifically identify or pertain to the trade(s) and/or job title(s) called for within the construction contract" (Code of the Town of North Hempstead § 24-59.2[A]). A construction contract, in turn, is defined by Local Law No. 9 of 2017 as "[a]ny contract for the construction, reconstruction, improvement, rehabilitation, alteration, renovation, or demolition of any building, facility or physical structure of any kind to which the Town [] or any of its departments or agencies is a signatory with a value in excess of $500,000" (Code of the Town of North Hempstead § 24-59.1).
Although the plaintiffs/petitioners in this hybrid action and proceeding sought, among other things, a judgment declaring that Local Law No. 9 of 2017 did not bear a substantial relation to the promotion of the public health, safety, morals, or general welfare of the community, they do not dispute, on appeal, the defendants/respondents' contention that the Supreme Court's determination granting that relief and vacating Local Law No. 9 of 2017 is inconsistent with controlling law (see Labor Law §§ 810, 816-b[2]). Accordingly, the order entered August 9, 2018, should be reversed insofar as appealed from.
Although the defendants/respondents have also appealed from the January 15, 2019, order granting the plaintiffs/petitioners' motion for leave to reargue, and, upon reargument, inter alia, vacating certain amendments to Chapter 2 of the Code of the Town of North Hempstead adopted in 2015 (see Local Law No. 12 of 2015, amending Code of the Town of North Hempstead § 2-9.1), they raise no argument in their brief regarding that order. Accordingly, the appeal from that order must be dismissed as abandoned (see Mazzurco v Gordon, 173 AD3d 1001, 1003).
The defendants/respondents' remaining contention, raised in Point III of their brief, addresses "unappealable dicta" (43rd St. Deli, Inc. v Paramount Leasehold, L.P., 178 AD3d 411, 413; see Naula v Utokilen, LLC, 180 AD3d 1058, 1060; Grunewald v Metropolitan Museum of Art, 125 AD3d 438, 439).
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court