May v American Multi-Cinema, Inc. (2021 NY Slip Op 00552)





May v American Multi-Cinema, Inc.


2021 NY Slip Op 00552


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-03836
 (Index No. 35843/18)

[*1]Hilda May, appellant, 
v
American Multi-Cinema, Inc., respondent.


Neimark, Coffinas & Lapp, LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York, NY (Catherine De Angelis and Sarah M. Rocco of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated May 1, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion to strike the defendant's answer as a sanction for spoliation of evidence.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying the plaintiff's cross motion to strike the defendant's answer as a sanction for spoliation of evidence, and substituting therefor a provision granting the cross motion to the extent of directing that an adverse inference charge be given against the defendant at trial if the trier of fact determines that there was spoliation of evidence, and otherwise denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she fell at a movie theater owned by the defendant. The plaintiff testified at her deposition that she slipped on liquid that was on the floor in the vicinity of the concession stand. The defendant thereafter moved for summary judgment dismissing the complaint. The plaintiff cross-moved to strike the defendant's answer as a sanction for spoliation of evidence, based upon the destruction of video surveillance footage allegedly depicting the area of the plaintiff's accident. In an order dated May 1, 2020, the Supreme Court denied the plaintiff's cross motion and granted the defendant's motion for summary judgment. The plaintiff appeals.
Contrary to the Supreme Court's conclusion, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint on the basis that there was no defective condition on the premises. While the defendant offered evidence from witnesses who asserted that they did not observe any liquid on the floor after the plaintiff's accident and that the plaintiff tripped on her own feet, this evidence conflicted with the plaintiff's deposition testimony, and thus, presented a credibility question to be resolved by the trier of fact (see Elusma v Jackson, 186 AD3d 1326, 1328; see generally Ferrante v American Lung Assn., 90 NY2d 623, [*2]631).
Although the defendant demonstrated, prima facie, that it did not create or have actual or constructive notice of the alleged dangerous condition (see Spano v Apogee Retail NY, LLC, 164 AD3d 1495, 1496), the plaintiff raised a triable issue of fact through the affidavit of her son, who averred that he had notified the defendant of the condition shortly before the plaintiff's fall (see Mustafaj v Macri, 162 AD3d 891, 892). Contrary to the defendant's contention, the son's affidavit can properly be considered in opposition to the summary judgment motion. While "a court determining a motion for summary judgment generally should not consider the affidavit of a notice witness submitted in opposition to the motion where the witness was not previously disclosed" (Awai v Benchmark Constr. Serv., Inc., 172 AD3d 978, 979), here, the son was identified as a notice witness in a supplemental discovery response prior to the filing of the note of issue (see MacIsaac v Nassau County, 152 AD3d 758, 759).
Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint.
As to the plaintiff's cross motion, "under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby [preventing] the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (Denoyelles v Gallagher, 40 AD3d 1027, 1027 [internal quotation marks omitted]). "However, a less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense" (id. at 1027).
Here, while it is undisputed that surveillance footage from the day of the accident was destroyed, the parties' deposition testimony, as well as the affidavits of the plaintiff's son and the defendant's employee, raised an issue of fact as to whether the destroyed footage actually depicted the area of the plaintiff's accident. Under the circumstances of this case, an issue of fact exists as to whether spoliation of relevant evidence occurred, which issue should be determined by the trier of fact (see Lilavois v JP Morgan Chase & Co., 151 AD3d 711, 712; Pennachio v Costco Wholesale Corp., 119 AD3d 662, 665). The appropriate sanction for any such spoliation of evidence would be an adverse inference charge, as the destruction of any surveillance footage of the accident did not deprive the plaintiff of the opportunity to prove her case (see Peters v Hernandez, 142 AD3d 980, 981; Pennachio v Costco Wholesale Corp., 119 AD3d at 665).
Accordingly, the plaintiff's cross motion for spoliation sanctions should have been granted to the extent of directing that an adverse inference charge be given against the defendant at trial if the trier of fact determines that there was spoliation of evidence.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court