Amos v Southampton Hosp. (2021 NY Slip Op 05846)





Amos v Southampton Hosp.


2021 NY Slip Op 05846


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-05582
 (Index No. 2829/09)

[*1]Locksley C. Amos, etc., et al., appellants,
v
Southampton Hospital, respondent, et al., defendants.


The Baez Law Firm, PLLC, New York, NY (Jose Anibal Baez of counsel), for appellants.
Barbiero, Bisch & O'Connor, LLP, Central Islip, NY (Anthony F. Barbiero of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 1, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3126 to strike the answer of the defendant Southampton Hospital and to impose monetary sanctions against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action in 2009 to recover damages arising from the death of their newborn at Southampton Hospital (hereinafter the hospital). In January 2017, the plaintiffs moved pursuant to CPLR 3126 to strike the hospital's answer and to impose monetary sanctions against it. The Supreme Court, inter alia, denied those branches of the motion. The plaintiffs appeal.
If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may . . . strik[e] out pleadings . . . or dismiss[ ] the action . . . or render[ ] a judgment by default against the disobedient party" (CPLR 3126[3]; see Honghui Kuang v MetLife, 159 AD3d 878, 881). "While actions should be resolved on the merits when possible, a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct" (Almonte v Pichardo, 105 AD3d 687, 688; see Honghui Kuang v MetLife, 159 AD3d at 881). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687 [citations and internal quotation marks omitted]; see Honghui Kuang v MetLife, 159 AD3d at 881). Here, the Supreme Court providently exercised its discretion in denying those branches of the plaintiffs' motion which were to strike the hospital's answer and to impose monetary sanctions based on the hospital's alleged failure to comply with discovery demands and prior court orders (see Amos v Southampton Hosp., 131 AD3d 906, [*2]908).
Additionally, the Supreme Court providently exercised its discretion in declining to strike the hospital's answer and impose monetary sanctions based upon the hospital's alleged spoliation of evidence. "The party requesting sanctions for [spoliation] has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to prove its claim or defense" (Peters v Hernandez, 142 AD3d 980, 981 [internal quotation marks omitted]; see Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718). "However, 'striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, and, thus, courts must consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718 [alterations omitted], quoting Iannucci v Rose, 8 AD3d 437, 438; see 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 673). "When the moving party is still able to establish or defend a case, a less severe sanction is appropriate" (Utica Mut. Ins. Co. v. Berkoski Oil Co., 58 AD3d at 718; see 25 Bay Terrace Assoc., L.P. v Pub. Serv. Mut. Ins. Co., 194 AD3d at 673). The plaintiffs failed to establish that the hospital intentionally spoliated evidence or that the failure to preserve the evidence fatally compromised their ability to prove their claim.
The hospital's remaining contention is without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court