Pfeiffer v Shouela (2022 NY Slip Op 04038)

Pfeiffer v Shouela

2022 NY Slip Op 04038

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2018-09790
2018-09791
 (Index No. 514691/16)

[*1]Samuel Pfeiffer, etc., respondent, 
v
Isaac Shouela, appellant.

Sharova Law Firm, Brooklyn, NY (Charles W. Marino of counsel), for appellant.
Law Offices of Mordy Flam, PLLC, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 27, 2018, and (2) an order of the same court dated August 1, 2018. The order dated July 27, 2018, insofar as appealed from, denied those branches of the defendant's motion which were, in effect, for leave to reargue his opposition to those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendant's answer and for summary judgment on the cause of action for specific performance and, in effect, for leave to renew that branch of his cross motion which was for summary judgment dismissing the complaint, which branches of the prior motion and cross motion had been granted and denied, respectively, in an order of the same court dated June 8, 2018. The order dated August 1, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendant's answer and for summary judgment on the cause of action for specific performance, and directed the specific performance of the contract.
ORDERED that the appeal from so much of the order dated July 27, 2018, as denied that branch of the defendant's motion which was, in effect, for leave to reargue is dismissed; and it is further,
ORDERED that the order dated July 27, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated August 1, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, for specific performance of a contract pursuant to which the defendant would sell two parcels of real property to the plaintiff. Subsequently, the plaintiff moved, among other things, pursuant to CPLR 3126 to strike the defendant's answer due to noncompliance with orders directing discovery, and for summary judgment on the cause of action for specific performance. The defendant cross-moved, inter alia, [*2]for summary judgment dismissing the complaint. By order dated June 8, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion.
The defendant thereafter moved, among other things, in effect, for leave to reargue his opposition to those branches of the plaintiff's motion which were to strike the defendant's answer and for summary judgment on the cause of action for specific performance, and, in effect, for leave to renew that branch of his cross motion which was for summary judgment dismissing the complaint based upon newly submitted evidence that the plaintiff had submitted a fraudulent document in the prior motion sequence (see CDR Créances S.A.S. v Cohen, 23 NY3d 307, 320). By order dated July 27, 2018, the Supreme Court, inter alia, denied those branches of the defendant's motion. By order dated August 1, 2018, the court, among other things, again granted those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendant's answer and for summary judgment on the cause of action for specific performance, and directed the specific performance of the contract. The defendant appeals.
The appeal from so much of the order dated July 27, 2018, as denied that branch of the defendant's motion which was, in effect, for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristide, 192 AD3d 991, 992).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in striking his answer pursuant to CPLR 3126. The court has broad discretion to determine the nature and degree of any sanction to be imposed under CPLR 3126 for the failure to comply with discovery demands or orders (see Irving v Four Seasons Nursing & Rehabilitation Ctr., 199 AD3d 906, 907; Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022). Although public policy favors the resolution of cases on the merits (Amos v Southampton Hosp., 198 AD3d 947, 948), a court may strike a pleading as a sanction if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). The drastic remedy of striking a pleading is appropriate when there is a clear showing that the failure to comply with discovery demands or orders was willful and contumacious (see id. at § 3126[3]; Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d at 1022; Matter of Apostolidis, 193 AD3d 1039, 1040). "A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to adequately respond to discovery demands or to comply with discovery orders" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652; see Vays v Luntz, 179 AD3d 744, 746). Here, the willful and contumacious character of the defendant's conduct can be inferred from his failure to comply with multiple court orders directing disclosure and his failure to attend a compliance conference (see Matter of Apostolidis, 193 AD3d at 1040; Cobo v Pennwalt Corp. Stokes Div., 185 AD3d at 652). Accordingly, we find no basis to disturb the court's determination granting that branch of the plaintiff's motion which was to strike the defendant's answer.
As a result of having his answer stricken, the defendant was deemed to admit all traversable allegations in the complaint, including the basic allegation of liability (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Almonte v Pichardo, 105 AD3d 687, 689), and was precluded from contesting the merits of the parties' underlying respective motion, and cross motion, for summary judgment (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d at 830; Rawlings v Gillert, 104 AD3d 929, 931). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance (see Almonte v Pichardo, 105 AD3d at 689).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court