Gregorian v New York Life Ins. Co. (2022 NY Slip Op 06916)

Gregorian v New York Life Ins. Co.

2022 NY Slip Op 06916

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2018-01374
 (Index No. 34349/05)

[*1]Anna Gregorian, as administrator of the estate of Hovsep Gregorian, appellant-respondent, 
v
New York Life Insurance Company, respondent-appellant.

Ruta Soulios & Stratis LLP, New York, NY (Steven A. Soulios of counsel), for appellant-respondent.
Proskauer Rose LLP, New York, NY (Elise M. Bloom and Alychia L. Buchan of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 2, 2017. The order, insofar as appealed from, denied the motion of Hovsep Gregorian pursuant to CPLR 3126 to strike the defendant's answer and for leave to enter a default judgment. The order, insofar as cross-appealed from, denied, as academic, the defendant's cross motion to strike the affirmation of counsel submitted in support of the motion of Hovsep Gregorian and to impose sanctions against Hovsep Gregorian and his counsel.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying the motion of Hovsep Gregorian pursuant to CPLR 3126 to strike the defendant's answer and for leave to enter a default judgment, and substituting therefor a provision granting the motion to the extent of directing that an adverse inference charge be given at trial against the defendant with respect to performance evaluations and other documents not produced pursuant to an order dated January 2, 2015, and requested communications with the defendant's Agency Department regarding the performance of Hovsep Gregorian, and otherwise denying the motion, and (2) by deleting the provision thereof denying, as academic, the defendant's cross motion to strike the affirmation of counsel submitted in support of the motion of Hovsep Gregorian and to impose sanctions against Hovsep Gregorian and his counsel, and substituting therefor a provision denying the cross motion on the merits; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
Hovsep Gregorian was an employee of the defendant, New York Life Insurance Company, from 1985 until the termination of his employment in February 2005, at the age of 51. For the last 10 years of his employment, Gregorian was the managing partner of the Bay Ridge office, then of the combined Brooklyn office, in the Northeastern Zone.
Gregorian commenced this action, alleging, among other things, that the defendant illegally terminated his employment due to his age in violation Executive Law § 296 and [*2]Administrative Code of the City of New York § 8-107. The action suffered delays arising from its removal to federal court and subsequent remand to the Supreme Court (see Gregorian v New York Life Ins. Co., 2009 WL 179217, 2009 US Dist LEXIS 5288 [ED NY]), and the defendant's initial motion for summary judgment dismissing the complaint and its appeal from the order determining that motion (see Gregorian v New York Life Ins. Co., 90 AD3d 837).
The parties also engaged in protracted discovery disputes. In federal court and in the Supreme Court upon remittitur, Gregorian filed motions, inter alia, to compel depositions and responses to his document requests. The Supreme Court directed certain disclosure and referred the remainder of Gregorian's discovery motions to a Special Discovery Master. In an order dated January 2, 2015, the Special Discovery Master granted Gregorian's discovery motions to the extent of compelling the defendant to produce (1) the "Deck" presentation materials prepared at situational analysis meetings for the Northeastern Zone for the period 2000 to 2005, (2) the Performance Management Program for Executive Officers Mark Pfaff and Jonathan Jaramillo for the period 2002 to 2005, and (3) the Performance Evaluation and Development Plans, Managing Partner Summaries, and Summary Reports for each managing partner in the Northeastern Zone for the period 2000 to 2006, as well as the performance evaluations for Gregorian's replacement, Raj Bakshi.
In response to the order dated January 2, 2015, the defendant produced more than 1,400 additional documents. However, the defendant failed to produce a substantial number of the documents, including the performance evaluations of Pfaff and Jaramillo, many of the evaluations of Bakshi, and all but one of Gregorian's performance evaluations.
In September 2016, Gregorian moved pursuant to CPLR 3126 to strike the defendant's answer and for leave to enter a default judgment (1) due to the defendant's willful failure to comply with discovery demands and court-ordered discovery, (2) for spoliation of evidence, and (3) for perpetrating a fraud upon the court. The defendant cross-moved to strike the affirmation of counsel submitted in support of Gregorian's motion as improper and to impose sanctions against Gregorian and his counsel. The Supreme Court denied Gregorian's motion and denied, as academic, the defendant's cross motion. Gregorian appeals, and the defendant cross-appeals. During the pendency of the appeal and the cross appeal, Gregorian died, and the administrator of his estate was substituted for him.
Gregorian failed to demonstrate, by clear and convincing evidence, that the defendant perpetrated a fraud upon the court (see generally CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318-321). Thus, the Supreme Court properly determined that Gregorian was not entitled to relief on that ground. However, we conclude that the imposition of a sanction upon the defendant is appropriate due to the defendant's failure to comply with discovery demands and the order dated January 2, 2015, and the negligent destruction of certain relevant documents.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126). Since public policy strongly favors the resolution of cases on their merits (see Warner v Orange County Regional Med. Ctr., 126 AD3d 887, 887), "the drastic remedies of striking a pleading or precluding evidence are not appropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (Gelin v New York City Tr. Auth., 189 AD3d 789, 792-793; see CPLR 3126[3]; Gafarova v Yale Realty, LLC, 174 AD3d 862, 863).
Similarly, "under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby [preventing] the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (May v American Multi-Cinema, Inc., 191 AD3d 657, 658 [internal quotation marks omitted]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant [*3]to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see C.C. v A.R., 192 AD3d 654, 656; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). "A 'culpable state of mind' for purposes of a spoliation sanction includes ordinary negligence" (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; Alphas v Smith, 170 AD3d 529, 530). Courts "possess broad discretion to provide proportionate relief to the party deprived of the lost evidence, such as precluding proof favorable to the spoliator to restore balance to the litigation, requiring the spoliator to pay costs to the injured party associated with the development of replacement evidence, or employing an adverse inference instruction at the trial of the action" (Ortega v City of New York, 9 NY3d 69, 76; see C.C. v A.R., 192 AD3d at 657). Such a lesser sanction, or no sanction, is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense (see May v American Multi-Cinema, Inc., 191 AD3d at 658; Denoyelles v Gallagher, 40 AD3d 1027, 1027).
Here, the defendant argued that it had complied with its discovery obligations and the order dated January 2, 2015, to the extent responsive and relevant documents could be located. The general retention policy for performance evaluations was only three years, so many had already been discarded. However, "'[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents'" (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d at 36, quoting Zubulake v UBS Warburg LLC, 220 FRD 212, 218 [SD NY]). The performance evaluations of Gregorian, his replacement, and other managing partners and senior vice presidents in the Northeastern Zone were clearly relevant to Gregorian's age discrimination allegations (see generally Golston-Green v City of New York, 184 AD3d 24, 34-35) and should have been preserved and produced by the defendant. Moreover, Gregorian had been requesting his performance evaluations and all communications between the defendant's employees concerning his employment and the termination of his employment since his first set of document requests in May 2006. Yet the defendant did not produce any communications between the Northeastern Zone and the Agency Department concerning the Brooklyn office for the years 2000 to 2006, and only produced one of Gregorian's performance evaluations. Gregorian established that the defendant had an obligation to preserve these relevant documents and was at least negligent in destroying them, such that the defendant spoliated evidence (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; Alphas v Smith, 170 AD3d at 530).
Under these circumstances, the appropriate sanction is to direct that an adverse inference charge be given at the trial against the defendant with respect to the spoliated documents (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675-676).
As to the cross appeal, the defendant's cross motion, inter alia, to impose sanctions against Gregorian and his counsel should not have been denied as academic. However, the cross motion should have been denied on the merits, because the affirmation of counsel submitted by Gregorian in support of his motion was not so inflammatory or improper so as to warrant sanctions (see 22 NYCRR 130-1.1[a]).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court