Reyes v U.S. Sec. Assoc. Aviation Servs., Inc. (2024 NY Slip Op 04274)

Reyes v U.S. Sec. Assoc. Aviation Servs., Inc.

2024 NY Slip Op 04274

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-06247
2023-00080
 (Index No. 700344/22)

[*1]Onix Reyes, respondent, 
v
U.S. Security Associates Aviation Services, Inc., appellant, et al., defendant.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant U.S. Security Associates Aviation Services, Inc., appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated June 22, 2022, and (2) an order of the same court dated November 28, 2022. The order dated June 22, 2022, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3126 to strike that defendant's answer. The order dated November 28, 2022, denied those branches of that defendant's motion which were for leave to reargue and renew its opposition to the plaintiff's motion, inter alia, in effect, pursuant to CPLR 3126 to strike its answer.
ORDERED that the appeal from the order dated November 28, 2022, is dismissed; and it is further,
ORDERED that the order dated June 22, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries the plaintiff allegedly sustained when a vehicle owned by the defendant U.S. Security Associates Aviation Services, Inc. (hereinafter the defendant), collided with a vehicle operated by the plaintiff. The plaintiff moved, in effect, pursuant to CPLR 3126 to strike the defendant's answer based on its failure to produce a witness for deposition or, in the alternative, in effect, pursuant to CPLR 3124 to compel the defendant to produce a witness for a deposition and to respond to certain discovery demands. In an order dated June 22, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to strike the defendant's answer. Thereafter, the defendant moved, among other things, for leave to renew and reargue its opposition to the plaintiff's motion. In an order dated November 28, 2022, the court denied those branches of the defendant's motion which were for leave to renew and reargue. The defendant appeals.
The appeal from the order dated November 28, 2022, must be dismissed. The appeal from so much of the order as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Brennan v Wappingers Cent. Sch. Dist., 164 AD3d 640, 642). The appeal from so much of the order as denied that branch of the defendant's motion which was for leave to renew must be dismissed as abandoned, since the defendant does not raise any argument in its brief with respect to that branch of its motion (see Cassagnol v Village of Hempstead, 214 AD3d 766, 767; Matter of Gramman v Town of N. Hempstead, 187 AD3d 750, 752).
"The court has broad discretion to determine the nature and degree of any sanction to be imposed under CPLR 3126 for the failure to comply with discovery demands or orders" (Pfeiffer v Shouela, 206 AD3d 941, 942). "The drastic remedy of striking a pleading is appropriate when there is a clear showing that the failure to comply with discovery demands or orders was willful and contumacious" (Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022; see Gelin v New York City Tr. Auth., 189 AD3d 789, 792-793). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Commisso v Orshan, 85 AD3d 845, 845; see Pfeiffer v Shouela, 206 AD3d at 943). Here, the willful and contumacious character of the defendant's conduct can be inferred from its failure to comply with multiple court orders directing it to produce a witness for a deposition.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3126, to strike the defendant's answer.
The defendant's remaining contentions are without merit.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court