Hudesman v Dawson Holding Co. (2024 NY Slip Op 04307)

Hudesman v Dawson Holding Co.

2024 NY Slip Op 04307

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-03990
2020-07668
 (Index No. 606567/16)

[*1]Alan Hudesman, etc., appellant,
v
Dawson Holding Company, et al., respondents, et al., defendant.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Mineola, NY (Christine J. Hill and John McDonnell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 7, 2020, and (2) an order of the same court entered September 22, 2020. The order entered May 7, 2020, granted the motion of the defendants Dawson Holding Company, Dawson Holding Company 2, L.P., and Subway IP, Inc., for summary judgment dismissing the complaint insofar as asserted against them and denied, as academic, the motion of Selma Hudesman pursuant to CPLR 3126 to strike those defendants' answer, or, in the alternative, for an adverse inference instruction at trial for spoliation of evidence. The order entered September 22, 2020, denied the motion of Selma Hudesman for leave to reargue her prior motion pursuant to CPLR 3126 to strike the answer of the defendants Dawson Holding Company, Dawson Holding Company 2, L.P., and Subway IP, Inc., or, in the alternative, for an adverse inference instruction at trial for spoliation of evidence and her opposition to those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the order entered September 22, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered May 7, 2020, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the motion of Selma Hudesman pursuant to CPLR 3126 to strike the answer of the defendants Dawson Holding Company, Dawson Holding Company 2, L.P., and Subway IP, Inc., or, in the alternative, for an adverse inference instruction at trial for spoliation of evidence and for a new determination thereafter of the motion of the defendants Dawson Holding Company, Dawson Holding Company 2, L.P., and Subway IP, Inc., for summary judgment dismissing the complaint insofar as asserted against them; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Selma Hudesman (hereinafter the decedent) allegedly sustained personal injuries when she slipped and fell in a Subway restaurant (hereinafter the restaurant) located in Syossett. The decedent commenced this action against Dawson Holding Company, Dawson Holding Company 2, L.P., and Subway IP, Inc., (hereinafter collectively the defendants), and another defendant. At her examination before trial, the decedent testified that, after she ordered a sandwich, while she was standing by the cash register, she noticed water and a newspaper on the floor and told an employee that the floor was slippery. The decedent further testified that she paid for her sandwich, started to walk to the door, and slipped and fell on the water.
The decedent moved pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, for an adverse inference instruction at trial with respect to certain video surveillance footage. In support of the motion, the decedent submitted evidence that the restaurant had surveillance cameras that were operable on the date of the accident and that pointed to the area where the decedent fell, but the surveillance footage was automatically overwritten 72 hours after the accident. The decedent contended, inter alia, that she was prejudiced by the defendants' destruction of the surveillance footage, which related directly to the defendants' liability. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them and opposed the decedent's motion. In an order entered May 7, 2020, the Supreme Court granted the defendants' motion, finding that the defendants established that they neither created the allegedly dangerous condition nor had actual or constructive notice of it and that the decedent failed to raise a triable issue of fact in opposition. The court denied the decedent's motion as academic in light of its determination of the defendants' motion. The decedent moved for leave to reargue her prior motion and her opposition to the defendants' motion. In an order entered September 22, 2020, the court denied the decedent's motion for leave to reargue. The decedent appealed from both orders. During the pendency of the appeals, the decedent died, and the plaintiff, as administrator of the decedent's estate, was substituted for the decedent.
The appeal from the order entered September 22, 2020, must be dismissed because no appeal lies from an order denying reargument (see Keefer v Keefer, 211 AD3d 827, 828; Dudley-Lanier v City of New York, 210 AD3d 739, 741).
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1401 [internal quotation marks omitted]; see Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968; Peters v Hernandez, 142 AD3d 980, 980). The Supreme Court has broad discretion in determining what, if any, sanction would be imposed for spoliation of evidence (see S.W. v Catskill Regional Med. Ctr., 211 AD3d 890, 892; Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d 898, 900). "The sanction of dismissal of a pleading may be imposed even absent willful and contumacious conduct if a party has been so prejudiced that dismissal is necessary as a matter of fundamental fairness" (Angotti v Petro Home Servs., 208 AD3d 1294, 1296 [alterations and internal quotation marks omitted]; see Friel v Papa, 36 AD3d 754, 755). "However, a less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense" (Denoyelles v Gallagher, 40 AD3d 1027, 1027; see M.M. v Macerich Prop. Mgt. Co., LLC, 219 AD3d 471, 472; May v American Multi-Cinema, Inc., 191 AD3d 657, 658).
A defendant whose answer is stricken is "deemed to admit all traversable allegations in the complaint, including the basic allegation of liability" (Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [internal quotation marks omitted]; see Dominguez v Malecon Shipping, Inc., 211 AD3d 913, 914; Pfeiffer v Shouela, 206 AD3d 941, 943), and summary judgment is warranted in favor of the plaintiff on the issue of liability upon the appropriate motion (see Pfeiffer v Shouela, 206 AD3d at 943; Almonte v Pichardo, 105 AD3d 687, 688-689; Francesco v Empress Ambulance Serv., Inc., 100 AD3d 589, 590).
Here, since the decedent's motion pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, for an adverse inference instruction at trial for spoliation of evidence sought sanctions that would impact the defendants' ability to establish, prima facie, that they were [*2]entitled to judgment as a matter of law on the issue of liability, the Supreme Court should have considered the merits of the decedent's motion before rendering a determination on the issue of liability on the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see C.K. v City of New York, 216 AD3d 753, 757; see also Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d 702; M.B. v St. Francis Preparatory Sch., 219 AD3d 1399). Accordingly, we reverse the order entered May 7, 2020, and remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the decedent's motion pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, for an adverse inference instruction at trial for spoliation of evidence and for a new determination thereafter of the defendants' motion (see Gille v Long Beach City School Dist., 84 AD3d 1022, 1023).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court