| Navarino v Shaw |
|---|
| 2024 NY Slip Op 34536(U) |
| December 27, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514606/2020 |
| Judge: Genine D. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At MMESP-6 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Brooklyn, New York, on the 27th day of December 2024.

PRESENT :

Hon. Genine D. Edwards, Justice

----------------------------------------------------------------------x

BETSY NAVARINO, as Administrator of the Estate of DOMINICK NAVARINO, deceased, and BETSY NAVARINO, individually

Plaintiff,

-against-

JASON SHAW, M.D., MUHAMMAD ATALLAH, M.D., MAIMONIDES MEDICAL CENTER,

Defendants.

----------------------------------------------------------------------x

Index No. 514606/2020
Motion Seq: 4, 5

The following e-filed papers read herein:                                              NYSCEF Nos.:

Notice of Motion, Affirmation, and Exhibits.......................................................79-92
Affirmation in Opposition, Notice of Cross-Motion, and Exhibits...................93-95, 96-109
Affirmation in Reply, Affirmation in Opposition to Cross-Motion........................112, 113
Affirmation in Reply in support of Cross-Motion..............................................115

In this action for medical malpractice and wrongful death, plaintiff moved pursuant to CPLR §3124 and CPLR §3126, seeking to strike the answers of defendants Jason Shaw, M.D. ("Dr. Shaw") and Maimonides Medical Center ("Maimonides"), alleging that defendants repeatedly failed to produce court-ordered discovery responses. Dr. Shaw and Maimonides opposed the motion and cross-moved pursuant to Title 22 of the New York Codes, Rules, and Regulations §130 Part 1.1, seeking sanctions against plaintiff and plaintiff's counsel for allegedly

[* 1]

contacting Maimonides in violation of Rule 4.2. Defendant Muhammad Atallah, M.D. ("Dr. Atallah") partially opposed plaintiffs' motion.

## PROCEDURAL HISTORY

Decedent Dominick Navarino underwent an ambulatory bronchoscopy and intubation procedure on July 24, 2018, and subsequently died. Shortly after her husband's death, plaintiff requested copies of his medical records dated 7/1/18-8/10/18. On or about March 25, 2019, Maimonides provided plaintiff, at her expense, a copy of decedent's medical chart, consisting of 2,825 pages, including several years of treatment. This copy did not include operative notes and reports regarding the subject procedure on July 24, 2018. Through counsel, on April 15, 2019, plaintiff made another request for "operative report for 7/24/18 and all records concerning treatment rendered on 7/24/18". In response, Maimonides submitted a bill of $1,999.63.

Plaintiff filed a pre-lawsuit Order to Show Cause seeking a complete certified copy of the medical records, including the operative report with regard to the subject bronchoscopy procedure. Justice Peter Sweeney, by Order dated October 7, 2019, granted the Order to Show Cause on default. Specifically, the Order reads "Petitioner's Order to Show Cause for a complete and certified copy of the records for treatment provided to decedent Dominick Navarino on July 24, 2018, including a copy of the operative report dated July 24, 2018, is granted on default." Nothing in the order references fees or costs. Plaintiff alleged that Maimonides refused to produce a complete and certified copy of the medical records, including the subject operative notes and report as ordered. Dr. Shaw and Maimonides contended that certified copies were provided for free on November 15, 2019, and attached a copy of a receipt signed for by plaintiff's counsel's clerk Aureli Maysonet.

[* 2]

The instant action was commenced in August 2020. On February 11, 2021, defense counsel submitted an operative report for the procedure performed by Dr. Shaw on July 24, 2018, which was dictated on September 15, 2020, more than a year and a half after the subject procedure. A Preliminary Conference Order was issued on December 6, 2021, on consent of all parties, and did not direct defendant to produce any records. Pursuant to the Preliminary Conference Order, Dr. Atallah's deposition was to be held by April 19, 2022. On February 28, 2023, a Compliance Conference Order was issued, on consent of all parties and did not direct defendants to produce any records. Dr. Attalah's deposition was to be held on or before July 17, 2023.

On July 19, 2023, plaintiff served Combined Demands and Demands for Insurance Disclosures that included a demand for all medical records. In response, Maimonides sent an invoice in the amount of $457.40, the records included all of decedent's treatment at the hospital from 2007 to 2008, comprising of 4,574 pages. On or about August 11, 2023, plaintiff's counsel sent a letter to Maimonides indicating that the hospital failed to provide records pursuant to a court order, that plaintiff paid over $1,000.00 for records, that Maimonides withheld complete records, and contending that the HITECH Act applied to her request, which would result in only a $6.50 charge for the records. Maimonides responded to plaintiff's letter asserting that plaintiff's previous request only referenced the 2018 records, the record being offered contained other treatment dates, and that the HITECH Act does not apply to attorney requests. Maimonides argued that plaintiff's counsel responded, on August 23, 2023, by directly contacting Maimonides, without including defense counsel, requesting decedent's 2018 medical records. On September 5, 2023, another Compliance Conference Order was issued, on consent of all parties, and did not require defendants to produce any medical records. Dr. Atallah's deposition was to be held on or before November 10, 2023.

[* 3]

On September 6, 2023, plaintiff's counsel sent another email directly to Maimonides, without including defense counsel, requesting that the 2018 records be sent to their client. Plaintiff herself submitted an additional request for records on September 12, 2023. Maimonides alleged this was an attempt by plaintiff's counsel to circumvent paying for medical records. In response to plaintiff's request, Maimonides mailed a disc of decedent's medical records to plaintiff herself on September 23, 2023. That disc consisted of 4,410 pages of decedent's medical chart but did not include copies of the subject operative note and report. Plaintiff's counsel served a further Demand for Discovery and Inspection, dated January 3, 2024, for hospital protocols and guidelines relevant and material to the claims asserted in lawsuit.

Subsequently during Dr. Shaw's deposition, on January 29, 2024, Dr. Shaw referenced a "non-finalized report on a hard drive" that plaintiff alleged was never produced. In response to plaintiff's claims that Dr. Shaw and Maimonides failed to produce the operative report for the subject procedure and failed to produce relevant protocols, Dr. Shaw and Maimonides indicated that the operative note did not fully save due to a computer glitch and that plaintiff failed to identify which protocols were requested and how they are relevant to this matter. A Compliance Conference Order, dated March 14, 2024, required Dr. Atallah to appear for a deposition on or before March 20, 2024. At the time the motion was submitted, plaintiff alleged that Dr. Atallah still had not appeared to be deposed. Counsel for Dr. Atallah represented that due to conflicting schedules and despite diligent efforts, it has been difficult to secure a date for the deposition.

LAW

CPLR §3126 permits a court to strike an answer as a sanction for willful failure to disclose information, however, "the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful or

[* 4]

contumacious." *Pinnock v. Mercy Med. Ctr.*, 180 A.D.3d 1086, 119 N.Y.S.3d 566 (2d Dept. 2020). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders." *Cook v. SI Care Ctr.*, 205 A.D.3d 875, 169 N.Y.S.3d 624 (2d Dept. 2022). A party requesting for spoliation "has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to prove its claim or defense." *Amos v. Southampton Hosp.*, 198 A.D.3d 947, 156 N.Y.S.3d 349 (2d Dept. 2021).

## ANALYSIS

Plaintiff fails to meet its burden that defendant willfully and contumaciously failed to comply with discovery demands. In fact, while there may be some discrepancy over certification and completeness of the records produced, records have been served upon plaintiff and plaintiff's counsel several times. Maimonides has expressed a willingness to serve certified copies of the medical records upon payment of the records fee. The October 7, 2019 default order makes no mention of fees and the HITECH Act does not apply to attorney requests. *Ciox Health, LLC v. Azar*, 435 F.Supp.3d 30 (2020)

Accordingly, it is

ORDERED that the plaintiff's motion to strike defendants' answers pursuant to CPLR §3124 and §3126 is denied, and it is further

ORDERED that the defendants' cross-motion for sanctions pursuant to Title 22 of the New York Codes, Rules and Regulations §130 Part 1.1 is denied, and it is further

ORDERED that the deposition of MUHAMMAD ATALLAH, M.D. shall be conducted on or before March 31, 2025, and it is further,

[* 5]

ORDERED that MAIMONIDES MEDICAL CENTER and JASON SHAW, M.D. shall provide certified copies of all medical records and protocols pertinent to the subject medical procedure to plaintiff's counsel subject to reasonable costs and fees, and it is further,

ORDERED that in the event a medical record or protocol is missing or nonexistent that MAIMONIDES MEDICAL CENTER and JASON SHAW, M.D. shall produce a witness able to testify to such for deposition on or before March 31, 2025, and it is further

ORDERED that defendants' counsel is directed to serve a copy of this decision/order with notice of entry upon plaintiff and to file an affidavit of service with the Kings County Clerk.

This constitutes the Decision and Order of this Court.

For Clerks use only

MG___

MD___

Motion Seqs.#: _____

ENTER

J.S.C.

**HON. GENINE D. EDWARDS**

[* 6]