Yong Hong Xie v Lan Chen (2026 NY Slip Op 01820)

Yong Hong Xie v Lan Chen

2026 NY Slip Op 01820

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-10905
 (Index No. 720003/19)

[*1]Yong Hong Xie, appellant, 
vLan Chen, et al., respondents, et al., defendant.

Hodgson Russ LLP, New York, NY (Matthew K. Parker and Joseph P. Goldberg of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York, NY (David N. Kleinmann, Deanna M. Wolf, and Joel Rosner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 28, 2023. The order denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer and counterclaims of the defendants Lan Chen and Kun Yi Kay Zeng and for leave to enter a default judgment against those defendants, and pursuant to 22 NYCRR 130-1.1 for an award of costs and attorney's fees against those defendants and to impose sanctions upon counsel for those defendants.
ORDERED that the order is affirmed, with costs.
The facts and procedural history of this case are more fully set forth in this Court's decisions and orders on related appeals (see Yong Hong Xie v Lan Chen, ____ AD3d ____ [Docket Nos. 2022-08158, 2023-09361; decided herewith]). In April 2023, the plaintiff moved pursuant to CPLR 3126 to strike the answer and counterclaims of the defendants Lan Chen and Kun Yi Kay Zeng (hereinafter the defendants) and for leave to enter a default judgment against them for their failure to comply with an order entered December 9, 2022, which required them to produce certain personal tax returns filed by or on behalf of the defendants on or before December 14, 2022. The plaintiff also sought an award of costs and attorneys' fees against the defendants and to impose sanctions upon the defendants' counsel pursuant to 22 NYCRR 130-1.1. In an order entered September 28, 2023, the Supreme Court denied the motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer and counterclaims and for leave to enter a default judgment against them. "If a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may . . . strik[e] out pleadings . . . or dismiss[ ] the action . . . or render[ ] a judgment by default against the disobedient party'" (Amos v Southampton Hosp., 198 AD3d 947, 948, quoting CPLR 3126[3]). "'While actions should be resolved on the merits when possible, a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct'" (id., quoting Almonte v Pichardo, 105 [*2]AD3d 687, 688). Here, the plaintiff failed to make a clear showing that the defendants' failure to produce the tax returns on or before December 14, 2022, was the result of willful and contumacious conduct (see id.).
"'Courts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct'" (U.S. Bank N.A. v Nunez, 208 AD3d 711, 713, quoting Industry LIC Condominium v Hudes, 200 AD3d 761, 761; see 22 NYCRR 130-1.1[a], [b]). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d 660, 662). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees against the defendants and to impose sanctions upon the defendants' counsel, as the record does not demonstrate that the defendants or their counsel engaged in frivolous conduct (see 22 NYCRR 130-1.1; U.S. Bank Trust, N.A. v Johnson, 201 AD3d 841, 842).
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court